UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X   Civil Action No. 22-cv-2500

JUAN LOPEZ MAURICIO, individually, and on
behalf of all others similarly situated,

                      Plaintiff,

    -against-

TIRAMISU RESTAURANT, LLC, SAID VEDAD
and KAREN VEDAD,

                      Defendants.
---------------------------------------------------------------X

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

Plaintiff, on behalf of himself and all others similarly situated, by his attorneys, Bell Law Group, PLLC, complaining of Defendants, respectfully alleges upon knowledge as to himself, and upon information and belief as to all other matters, the following:

**NATURE OF THE ACTION**

1. Plaintiff brings this action on behalf of himself, and all others similarly situated, to seek redress against Defendants for systematic and class-wide failure by Defendants to provide overtime wages, spread of hour wages, and for the failure to provide Plaintiff all others similarly situated with wage payment statements and hiring wage rate notifications in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

2. Defendants are the owners and/or operators of an Italian cuisine and pizzeria restaurant known as "Tiramisu", located at 1410 3rd Avenue, New York, New York 10028, that has been in operation since 1989. Plaintiff worked for Defendants at Tiramisu as a cook from in or around February 2019 through December 24, 2021. For the majority of Plaintiff's employment, Plaintiff worked between 12:00 p.m. and 10:30 p.m., Thursday through Tuesday six (6) days per week, without lunch breaks, for an approximate total of fifty-three and one-half (53.5) hours per

1

week. Irrespective of the number of hours worked per week, Plaintiff was paid at a flat weekly salary of $850.00 to $900.00 and at no time did Plaintiff receive overtime wages, spread of hour wages, nor was Plaintiff provided with wage payment statements or an hourly rate notice at the time of hiring.

## PARTIES

3. Plaintiff was and still is a resident of the County of Bronx, State of New York.

4. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Law § 160 *et seq.* ("NYLL").

5. Defendant Tiramisu Restaurant, LLC was and still is a domestic limited liability corporation organized and existing under and by virtue of the laws of New York.

6. Defendant Said Vedad was and still is a resident of the State of New York.

7. Defendant Said Vedad was and still is the Chief Executive Officer ("CEO), principal and/or manager of Defendant Tiramisu Restaurant, LLC.

8. Defendant Said Vedad was and still is in active control and management of Defendant Tiramisu Restaurant, LLC, regulated the employment of persons employed by the Defendant Tiramisu Restaurant, LLC, acted directly and indirectly in the interest of Defendant Tiramisu Restaurant, LLC in relation to the employees, and is thus an employer of Plaintiff under the FLSA and NYLL.

9. Defendant Karen Vedad was and still is a resident of the State of New York.

10. Defendant Karen Vedad was and still is the Chief Executive Officer ("CEO), principal and/or manager of Defendant Tiramisu Restaurant, LLC.

11. Defendant Karen Vedad was and still is in active control and management of Defendant Tiramisu Restaurant, LLC, regulated the employment of persons employed by the

Defendant Tiramisu Restaurant, LLC, acted directly and indirectly in the interest of Defendant Tiramisu Restaurant, LLC in relation to the employees, and is thus an employer of Plaintiff under the FLSA and NYLL.

12. Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

## JURISDICTION AND VENUE

13. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

14. This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

15. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct significant business within this judicial district.

## FACTS

16. Defendants are the owners and/or operators of an Italian cuisine and pizzeria known as "Tiramisu", located at 1410 3rd Avenue, New York, New York 10028.

17. Tiramisu has been in operation at the aforementioned location since 1989.

18. Plaintiff worked for Defendants as a cook at Tiramisu from February 2019 through December 24, 2021. Due to the coronavirus pandemic, Plaintiff did not work for Defendants from the period of approximately March 14, 2020, through January 2021.

19. In addition to working at Tiramisu, Plaintiff additionally was assigned by Defendants to work at Defendants' restaurant known as "Jardino", located at 1159 3rd Ave, New York, New York 10065.

20. As a cook, Plaintiff's duties included without limitation food preparation, cooking and cleaning.

21. From in or around February 2019 through March 14, 2020, Plaintiff worked 4:00 p.m. to 10:00/10:30 p.m. (10:15 p.m. average), Monday and Tuesday, and 12:00 p.m. to 10:00/10:30 p.m. (10:15 p.m. average), Thursday through Sunday, for an approximate total of fifty-three and one-half (53.5) hours per week.

22. From in or around February 2021 through December 24, 2021, Plaintiff worked 4:00 p.m. to 10:00/10:30 p.m. (10:15 p.m. average), Monday and Tuesday, and 12:00 p.m. to 10:00/10:30 p.m. (10:15 p.m. average), Friday through Sunday, for an approximate total of forty-two and three-quarter (42.75) hours per week.

23. During Plaintiff employment, Plaintiff did not receive breaks and/or breaks in excess of twenty (20) hours in a workday.

24. No time keeping system existed of recording and/or tracking the hours worked by Plaintiff and workers during Plaintiff's employment.

25. From the period of February 2019 through March 14, 2020, Plaintiff was paid a flat weekly salary of $900.00 irrespective of the number of hours worked per week.

26. From the period of February 2021 through December 24, 2021, Plaintiff was paid a flat weekly salary of $850.00 irrespective of the number of hours worked per week.

27. Plaintiff was paid in check and cash during his employment.

28. At no time during Plaintiff's employment was Plaintiff paid overtime at one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty (40) hours per week nor was Plaintiff provided with spread of hour wages for shifts in excess of ten (10) hours in a workday.

29. Throughout Plaintiff's employment Plaintiff was not provided with accurate wage payment statements reflecting Plaintiff's hourly rate or number of hours worked and Plaintiff was not provided with a pay rate notification at the time of hiring or at any time thereafter.

30. At all relevant times, Defendant Said Vedad was responsible for the hiring; firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or work hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers; and determining the terms and conditions of employment for the Plaintiff and workers at Tiramisu.

31. At all relevant times, Defendant Karen Vedad was responsible for the hiring; firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or work hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers; and determining the terms and conditions of employment for the Plaintiff and workers at Tiramisu.

32. At all relevant times, Defendants maintained control, oversight and authority over the Plaintiff in the terms and conditions of Plaintiff's employment and payment of wages and were Plaintiff's employer as defined under the FLSA and NYLL.

33. The work performed by Plaintiff was non-exempt work, as that term is used and defined in the United States and New York State Department of Labor's regulations promulgated under the FLSA and NYLL.

34. Plaintiff was entitled to be paid at least one and one-half times Plaintiff's regular hourly rate of pay for each hour in excess of forty (40) hours that Plaintiff worked in any workweek pursuant to the FLSA, 29 U.S.C. § 207 and NYLL, 12 NYCRR § 142-2.2.

35. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per workweek and was entitled to receive overtime wages.

36. At no time during the relevant period was Plaintiff paid overtime wages of one and one-half times Plaintiff's regular hourly work rate of pay for any hours that Plaintiff worked in excess of forty (40) per workweek, in violation of the FLSA and NYLL.

37. Plaintiff was entitled to be paid an additional hour's pay at the basic minimum hourly wage rate for every day that Plaintiff worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours ("spread of hour wages"), pursuant to N.Y. Lab. Law §§ 190, *et seq.*, and 650, *et seq.*, and 12 NYCRR § 142-2.4.

38. During the relevant period Plaintiff worked shifts in excess of ten (10) hours per day and was entitled to receive spread of hours wages.

39. Throughout the relevant period Plaintiff's employment Plaintiff was not paid an additional hour's pay at the basic minimum hourly wage rate for every day that Plaintiff worked a shift in excess of ten (10) hours in violation of the NYLL and NYCRR.

40. At all relevant times, Plaintiff was entitled to wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address and phone number of the employer; and itemized allowances and deductions pursuant to N.Y. Lab. Law § 195(3).

41. At all relevant times, Plaintiff was entitled to a notice at the time of hiring indicating Plaintiff's rate of pay and the basis thereof, the name of the employer, any doing business as names

6

and the main office or principal place of business pursuant to N.Y. Lab. Law § 195(1).

42. During Plaintiff's employment, Plaintiff was not provided with proper wage payment statements and was not provided with a wage theft prevention action notice at the time of hiring reflecting the rate of pay and other required information in violation of the NYLL.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings this action on behalf of himself and all other persons who were or are employed by Defendants pursuant to 29 U.S.C. §216(b).

44. Employees are "similarly situated" for purposes of FLSA collective wage suits if they are subject to a common policy, plan, or design.

45. Plaintiff brings the FLSA claims on behalf of himself and others similarly situated, namely employees of Defendants at Tiramisu and Jardino who worked as cooks, food preparers, servers, bussers and kitchen staff from the period of March 8, 2019 to the date of final judgment in this matter, and who were not paid overtime wages for hours worked in excess of forty (40) hours per week and who do not opt out of this action (hereinafter referred to as the "Tiramisu Collective").

46. Upon information and belief, the Tiramisu Collective consists of fifty (50) or more similarly situated individuals who have not been paid overtime wages and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

47. Defendants have failed to pay overtime to employees other than those in Tiramisu Collective, and Plaintiff reserves the right to broaden their definition of the collective group and/or add subgroups to this claim as additional members are discovered.

48. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and others similarly situated.

49. Those similarly situated potential collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS

50. Plaintiff brings the state law claims on behalf of himself and other similarly situated as a representative of a class of all non-exempt restaurant workers employed by Defendants within the six years prior to the filing of this complaint.

51. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the state law claims, Plaintiff seeks the certification of a class of all persons who, during the relevant time period of February 7, 2015 to the date of final judgment in this matter, have been employed by Defendants at Tiramisu and Jardino as cooks, food preparers, servers, bussers and kitchen staff; worked overtime and were not paid one and one-half times the minimum wage rate or hourly rate of pay; worked shifts in excess of ten (10) hours and did not receive spread of hours wages of one additional hour at the minimum wage rate; were not provided wage payment statements; and were not provided with notices of pay rate upon the commencement of their employment (hereinafter referred to as the "Tiramisu Class").

52. Upon information and belief, the Tiramisu Class includes over one hundred (100) similarly situated individuals who have not been paid overtime wages, spread of hours wages and who have not received wage payment statements or wage theft prevention act notifications, and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

53. The class is so numerous as to make it impracticable to join all members of the class as Plaintiffs.

54. There are questions of law and fact common to all members of the class and those questions predominate over any question affecting only individual class members. Defendants have acted on grounds generally applicable to all class members, in that Defendants' acts and omissions constitute a violation of the wage laws of the State of New York.

55. Common questions of law and fact include, but are not limited to, the following:

> A. Whether Defendants have consistently failed to pay Plaintiff and class members overtime wages at one and one-half times their regular rate of pay as required by the NYLL;
>
> B. Whether Defendants have consistently failed to pay Plaintiff and class members spread of hours wages of one additional hour at the minimum wage rate for shifts in excess of ten (10) hours in a workday as required by the NYLL;
>
> C. Whether Defendants failed to provide Plaintiff and class members with accurate wage payment statements as required by the NYLL;
>
> D. Whether Defendants have failed to provide Plaintiff and class members proper notice of their rate of pay and basis thereof at the time of hire as required by the NYLL;
>
> E. Whether Defendants have, in failing to make required payments to Plaintiff and others similarly situated, acted willfully and with the intent of depriving members of the class of such compensation; and

56. Plaintiff's overtime wages, spread of hours wages, wage payment statements and wage rate notification claims and Defendants' anticipated affirmative defenses thereto are typical of the claims of and against all class members.

57. Plaintiff will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims of the class. Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the class Plaintiff seek to represent.

58. Plaintiff has retained counsel capable of handling class action suits. Neither Plaintiff nor their counsel have an interest which is in conflict with the class or which might cause them not to vigorously pursue this action.

59. Pursuant to F.R.C.P. 23(b)(1), class certification is appropriate here because the prosecution of separate actions by class members could result in either inconsistent adjudications establishing incompatible pay practices, or could as a practical matter dispose of the legal claims of class members not parties to such separate adjudications.

60. Pursuant to F.R.C.P. 23(b)(3), class certification is appropriate here because questions of law or fact common to members of the class predominate over any questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## CLASS AND COLLECTIVE-WIDE FACTUAL ALLEGATIONS

61. Plaintiff and members of the Tiramisu Class and Tiramisu Collective defined above (collectively, "Tiramisu Group") have been victims of a common policy and plan perpetrated by Defendants that has violated their rights under the FLSA and NYLL by denying them pay, including overtime wages, spread of hours wages, and failing to provide them with wage payment statements and hiring wage rate notifications.

62. As part of their ongoing business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the Tiramisu Group by violating the FLSA and/or the NYLL.

63. Defendants have substantially benefitted and profited from the work that Plaintiff and Tiramisu Group have performed.

64. Defendants failed to keep any records of the hours worked by the Plaintiff and the Tiramisu Group.

65. Defendants' unlawful conduct, policies and practices have been widespread, repeated, and consistent.

66. Defendants' conduct, policies, and practices as described herein are ongoing and continuing.

67. Defendants' conduct, policies and practices have been intentional, willful, and in bad faith, and has caused significant damages to the Plaintiff and the Tiramisu Group.

## **AS AND FOR THE FIRST CAUSE OF ACTION**
*(Overtime under the FLSA)*

68. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

69. At all relevant times, Plaintiff and the Tiramisu Collective were employees of the Defendants within the meaning of 29 U.S.C. § 203(e).

70. At all relevant times, Defendants employed Plaintiff and the Tiramisu Collective within the meaning of 29 U.S.C. § 203(g).

71. As the Defendants shared control of the services of the Plaintiff and Tiramisu Collective, Defendants are a single "employer" as defined by the Fair Labor Standards Act.

72. At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

73. At all relevant times, Defendants annual volume of business exceeds $500,000.00 and thus subjects Defendants to the requirements of the FLSA.

74. At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. § 201 *et seq*.

75. Pursuant to NYLL Pursuant to FLSA, 29 U.S.C. § 201 *et seq*., non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

76. Plaintiff and the Tiramisu Collective were entitled to be paid one and one-half times the minimum wage rate and/or Plaintiff and the Tiramisu Collective's regular hourly rate for any hours worked in excess of forty (40) hours in any workweek.

77. Defendants required Plaintiff and the Tiramisu Collective to work more than forty (40) hours a week, and Plaintiff and the Tiramisu Collective regularly worked more than forty (40) hours a week throughout their employment.

78. At no time have Defendants paid Plaintiff and the Tiramisu Collective a rate of one and one-half times the minimum wage rate and/or Plaintiff and the Tiramisu Collective's hourly rate of pay for all of the hours Plaintiff and the Tiramisu Collective worked in excess of forty (40) hours per week.

79. Defendants willfully, knowingly and intentionally did not compensate Plaintiff and the Tiramisu Collective for overtime at a rate of one and one-half times Plaintiff and the Tiramisu Collective's hourly rate of pay for all of the hours Plaintiff and the Tiramisu Collective worked in excess of forty (40) hours per week.

80. As a result of Defendants' violations of the law and failures to pay Plaintiff and the Tiramisu Collective required regular and overtime wages, Plaintiff and the Tiramisu Collective

have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

81. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff and the Tiramisu Collective was in compliance with the law, Plaintiff and the Tiramisu Collective are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

82. Members of the Tiramisu Collective are entitled to collectively participate in this action by choosing to "opt-in" and submit written Consents to Join this action pursuant to 29 U.S.C. § 216(b).

## **AS AND FOR THE SECOND CAUSE OF ACTION**
*(Overtime under the NYLL)*

83. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

84. At all relevant times, Plaintiff and the Tiramisu Class were employees and Defendants were employers within the meaning of N.Y. Lab. Law §§ 190, 651 and 652.

85. At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

86. Pursuant to N.Y. Lab. Law § 650 *et seq.* and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

87. Plaintiff and the Tiramisu Class were entitled to be paid one and one-half times the minimum wage rate and/or Plaintiff and the Tiramisu Class's regular hourly rate for any hours in excess of forty (40) worked in any workweek.

88. Defendants required Plaintiff and the Tiramisu Class to work more than forty (40) hours a week, and Plaintiff and the Tiramisu Class regularly worked more than forty (40) hours a week throughout their employment.

89. At no time have Defendants paid Plaintiff and the Tiramisu Class a rate of one and one-half times the minimum wage rate and/or Plaintiff and the Tiramisu Class' hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

90. Defendants willfully, knowingly and intentionally did not compensate Plaintiff and the Tiramisu Class for overtime at a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

91. As a result of Defendants' violations of the law and failures to pay Plaintiff and the Tiramisu Class required regular and overtime wages, Plaintiff and the Tiramisu Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to N.Y. Lab. Law § 198 and 12 NYCRR § 142-2.2.

92. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff and the Tiramisu Class was in compliance with the law, Plaintiff and the Tiramisu Class are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to N.Y. Lab. Law § 198.

**AS AND FOR THE THIRD CAUSE OF ACTION**
*(Spread of Hours under the NYLL)*

93. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

94. Pursuant to N.Y. Lab. Law §§ 190, *et seq.*, and 650, *et seq.*, and 12 NYCRR § 142-2.4, non-exempt employees are required to be paid one additional hour at the minimum wage rate

for any shift in excess of ten (10) hours in a workday.

95.     Plaintiff and the Tiramisu Class were entitled to be paid an additional hour's pay at the basic minimum hourly wage rate for every day that they worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours.

96.     Defendants required Plaintiff and the Tiramisu Class to work in excess of ten (10) hours in a workday, and Plaintiff and the Taco Class regularly worked in excess of ten (10) hours in a workday.

97.     Defendants failed to pay Plaintiffs and the Tiramisu Class the spread of hour wages to which they were entitled under NYLL.

98.     Defendants' failure to pay Plaintiff and the Tiramisu Class their lawfully due spread of hour wages was a willful violation of N.Y. Lab. Law §§ 190, *et seq.*, and 650, *et seq.*, and 12 NYCRR § 142-2.4.

99.     As a result of Defendants' violations of the law and failures to pay Plaintiff and the Tiramisu Class required spread of hour wages, Plaintiff and the Tiramisu Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to N.Y. Lab. Law § 198 and 12 NYCRR § 142-2.4.

100.    As Defendants did not have a good faith basis to believe that their failure to pay spread of wages to Plaintiff and the Tiramisu Class was in compliance with the law, Plaintiff and the Tiramisu Class are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to N.Y. Lab. Law § 198.

## AS AND FOR THE FOURTH CAUSE OF ACTION
*(Wage Statements NYLL § 195(3))*

101. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

102. Pursuant to N.Y. Lab. Law § 195(3), employers are required to furnish accurate wage statements to their employees with every payment of wages.

103. Defendants failed to furnish accurate wage statements to Plaintiff and the Tiramisu Class in violation of N.Y. Lab. Law § 195(3) by, *inter alia*, failing to provide Plaintiff and the Tiramisu Class with accurate statements of their full wages, hours worked, regular rate of pay, overtime rate of pay or other information required by N.Y. Lab. Law § 195(3).

104. The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

105. As Defendants failed to provide proper wage payment statements under N.Y. Lab. Law § 195(3), Plaintiff and the Tiramisu Class are entitled to liquidated damages of $250.00 for each day that such violations occurred, up to a total of $5,000, together with attorneys' fees, costs and interest.

## AS AND FOR THE FIFTH CAUSE OF ACTION
*(Wage Theft Prevention Act Notification NYLL § 195(1))*

106. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

107. N.Y. Lab. Law § 195(1) requires employers to furnish employees at the time of hiring, a notice of the rate or rates of pay and basis thereof, the name of the employer, any doing business as names and the main office or principal place of business.

108. Defendants failed to furnish such a statement to Plaintiff and the Tiramisu Class in violation of N.Y. Lab. Law § 195(1) by, *inter alia*, failing to provide Plaintiff and the Tiramisu Class at the time of hiring with an accurate statement of Plaintiff's regular rate of pay, the basis thereof, and other information required by N.Y. Lab. Law § 195(1).

109. The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

110. As Defendants failed to provide Plaintiff and the Tiramisu Class with proper a proper notice under N.Y. Lab. Law § 195(1), Plaintiff and the Tiramisu Class are entitled to liquidated damages of $50.00 for each day that such violations continued, up to a total of $5,000.00, together with all reasonable attorneys' fees, costs and interest.

**WHEREFORE**, Plaintiff, on behalf of himself and all other similarly situated persons, seeks the following relief:

A. That, at the earliest time possible, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the Tiramisu Collective. Such notice shall inform the Tiramisu Collective that this civil action has been filed, of the nature of the action, and of their right to join this action;

B. Certification of the Tiramisu Class pursuant to Rule 23 of the Federal Rules of Civil Procedure; designation of Plaintiff as class representative; designation of Plaintiff's counsel as class counsel; and a reasonable incentive payment to Plaintiff;

C. On the First Cause of Action on behalf of Plaintiffs and Tiramisu Collective members against Defendants, for all overtime wages due, an additional award of one hundred percent

of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D. On the Second Cause of Action on behalf of Plaintiff and Tiramisu Collective members against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

E. On the Third Cause of Action on behalf of Plaintiff and the Tiramisu Class Members against Defendants, for all spread of hours wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

F. On the Fourth Cause of Action on behalf of Plaintiff and Tiramisu Class Members against Defendants for failing to provide proper statements with every payment of wages, liquidated damages in the amount of $250.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

G. On the Fifth Cause of Action on behalf of Plaintiff and Tiramisu Class Members against Defendants for failing to provide a proper notice at the time of hiring of the rate of pay and basis thereof in an amount of $50.00 per day, up to a maximum of $5,000.00, along with all reasonable attorneys' fees, costs and interest.

H. Such other and further relief as is just and proper.

Dated: Syosset, New York
March 28, 2022

                                             Respectfully submitted,
                                             BELL LAW GROUP, PLLC


                                             By: */s/ Matthew Madzelan*
                                             Matthew Madzelan, Esq.
                                             116 Jackson Avenue
                                             Syosset, New York 11791
                                             (516) 280-3008
                                             Matthew.M@Belllg.com
                                             *Attorneys for Plaintiff*