

**Bell Law Group, PLLC**
116 Jackson Avenue
Syosset, New York 11791
T (516) 280-3008
F (516) 706-4692
BellLG.com

September 20, 2022

<u>Via ECF</u>
The Honorable James L. Cott
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 21D
New York, NY 10007

                              **Re:** *Mauricio v. Tiramisu Restaurant, LLC, et al.*
                              **Civil Docket No.: 22-cv-2500**

Dear Judge Cott:

    We represent Plaintiff in the above-referenced matter. This letter is jointly submitted pursuant to the Fair Labor Standards Act (FLSA) and the Second Circuit's decision in <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199, 206 (2nd Cir. 2015). In accordance therewith, attached is the parties negotiated Settlement Agreement (***Exhibit "A"***).

## I.    Introduction

    This is an action arising under the FLSA and New York Labor Law ("NYLL") in which Plaintiff has alleged claims for overtime wages, spread of hour wages, wage payment statements and pay rate notice violations in connection with Plaintiff's employment with Defendants. Following arm's-length negotiations between experienced counsel and a settlement conference held with Your Honor on August 4, 2022, the Parties agreed, subject to Court approval, to resolve this wage and hour lawsuit and avoid the risk, expense and burden of continued litigation. For the reasons set forth more fully herein, the settlement satisfies the criteria for approval of under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") because it resolves a bona fide dispute, and is fair, reasonable, and adequate.

    The parties' proposed settlement will provide Plaintiff with a total of $21,000.00, of which $13,331.00 will be provided to Plaintiff and $7,669.00 will be provided to Plaintiff's Counsel for attorneys' fees and expenses ($7,000.00 attorneys' fees and $669.00 expenses). The settlement shall be issued in installments as set forth in the schedule annexed hereto as ***Exhibit "B"*** and Plaintiff's attorneys' fees affirmation and billable hours are annexed hereto as ***Exhibit "C"***.

5 Penn Plaza, 23rd Floor    100 Quentin Roosevelt Blvd. Ste. 208    1629 K Street, NW, Suite 300    10750 NW 6th Court
New York, NY 10001    Garden City, NY 11530    Washington, DC 20006    Miami, FL 33168

## II.    Bona Fides of the Dispute

### A.  *Plaintiff's Allegations*

The following is a summary of Plaintiff's allegations. Plaintiff worked for Defendants as a cook from in or around March 2019 through December 24, 2021. From in or around February 2019 through March 14, 2020, Plaintiff worked 4:00 p.m. to 10:15 p.m., Monday and Tuesday, and 12:00 p.m. to 10:15 p.m., Thursday through Sunday, for an approximate total of fifty-three and one-half (53.5) hours per week. (Compl., Dckt. 1, ¶ 21). Following the Covid-19 closure, from in or around May 2021 through December 24, 2021, Plaintiff worked 4:00 p.m. to 10:15 p.m., Monday and Tuesday, and 12:00 p.m. to 10:15 p.m., Friday through Sunday, for an approximate total of forty-three and one quarter (43.25) hours per week. (Id. at ¶ 22).

Plaintiff was paid a flat weekly salary of $900.00 per week from in or around March 2019 through March 14, 2020 ($16.82 per hour) and Plaintiff was paid a flat weekly salary of $850.00 from in or around May 2021 through December 24, 2021 ($19.65 per hour). (Id. at ¶ 25-26). Plaintiff was paid the foregoing flat weekly salaries irrespective of the number of hours worked per week and at no time was Plaintiff paid overtime at one and one-half times Plaintiff's regular hourly rate for hours in excess of forty (40) hours per week nor was Plaintiff paid spread of hours wages of one additional hour at the minimum wage rate for shifts in excess of ten (10) hours. (Id. at ¶ 25-26, 28). Plaintiff calculates his unpaid overtime and spread of hour wages to be approximately $12,000.

### B.  *Defendants' Defenses*

Defendants strongly contest that any violations occurred. Defendants claim that Plaintiff worked for a significantly shorter duration than claimed by Plaintiff, that Plaintiff did not work the schedules claimed over forty (40) hours per week nor over ten (10) hours in a shift. Defendants also assert that various witnesses would refute Plaintiff's dates of employment and work schedules should they be called to testify. Moreover, as Defendants are experiencing financial difficulties, even should Plaintiff prevail on his claims, Plaintiff would be at significant risk of obtaining lesser relief from a judgment.

### C.  *Settlement*

Given these factual and legal issues, the dispute as to Plaintiff's hours, financial limitations, and to avoid the risk and uncertainty of continued litigation and increasing expenses, the Parties agreed to resolve this matter for $21,000.00 during a settlement conference with Your Honor. The Parties assert that the settlement is fair and reasonable under the circumstances. Plaintiff's maximum recovery at trial, should he prevail on all issues and be accorded the maximum number of hours alleged, is approximately $12,000.00 in overtime and spread of hour wages, plus liquidated damages, costs, interest and attorneys' fees. Thus, a settlement of $21,000.00 constitutes

full payment of Plaintiff's alleged overtime and spread of hour wage claims, as well as provides for liquidated damages, costs, interest and attorneys' fees.

### III.     Legal Principles

Pursuant to the Second Circuit's holding in Cheeks v. Freeport Pancake House, Inc., "dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect." 796 F.3d 199, 206 (2nd Cir. 2015). In order to obtain such approval, the parties must satisfy the Court that their agreement is "fair and reasonable." Velasquez v. Safi-G, Inc., 137 F.Supp.3d 582, 584 (S.D.N.Y 2015).

When evaluating the fairness of a settlement, there is "a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). Factors considered in determining the fairness of the settlement include without limitation the following: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

The attached proposed settlement agreement warrants approval as it is fair, reasonable, and adequate. Indeed, the agreement reflects a reasonable compromise of Plaintiff's claims rather than a mere waiver of statutory rights brought about by Defendants' alleged violations of Federal and NYS wage and hour laws. As discussed above, Plaintiff's maximum recovery should he prevail on all issues at trial at the maximum number of hours and dates of employment alleged is approximately $12,000.00, plus liquidated damages, costs, interest and attorneys' fees. Thus, a settlement of $21,000.00 constitutes a recovery of the full amount of overtime and spread of hour wages alleged, plus provides for liquidated damages, attorneys' fees, costs and interest. The settlement further avoids the risk and uncertainty of continued litigation.

Plaintiff is represented by experienced counsel and the settlement amount constitutes a substantial portion of what Plaintiff may be entitled to should he prevail at trial. Likewise, Defendants are represented by experienced counsel well-versed in employment law and who presented strong legal defenses based upon the facts. Therefore, the arm's length bargaining between the represented parties weighs in favor of finding a settlement reasonable. The Parties have thoroughly investigated this matter and have gathered sufficient information to permit them to assess the strengths and weaknesses of the asserted claims and their respective positions. See, e.g., Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) ("In considering whether a settlement is fair and reasonable, the principal question is whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.")(internal citations and quotations omitted); Aponte v. Comprehensive Health Mgmt., Inc., 2013 WL 1364147, at *4 (S.D.N.Y. Apr. 2, 2013) (courts typically "regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement.") (internal citations omitted).

Settling this matter now will avoid incurring the additional costs of litigation on both sides, and, as Plaintiff no longer associates with Defendants, coercion is unlikely. See, e.g., Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); Cisneros v. Schnipper Rest. LLC, 2014 U.S. Dist. LEXIS 2111, 2-3 (S.D.N.Y. Jan. 8, 2014) ("[a]lthough the FLSA places strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver, these concerns are not as relevant when the plaintiffs no longer work for the defendant, as is the case here.") (internal citation and quotation omitted); Martinez v. Ragtime Foods of N.Y., Inc., No. 11-CV-1483, 2011 U.S. Dist. LEXIS 130357, 2011 WL 5508972, at *3 (E.D.N.Y. Nov. 10, 2011); Brown v. Mustang Sally's Spirits & Grill, Inc., 2013 U.S. Dist. LEXIS 13482 (W.D.N.Y. Jan. 30, 2013).

Additionally, no factors weigh against allowing the settlement to proceed as requested because: a) Plaintiff has not identified "the presence of other employees situated similarly to the claimant" or of some industry wide practices; b) Defendants explicitly deny any wrongdoing, and have no "history of FLSA non-compliance"; and c) continuing to develop the record will only serve to enlarge costs on both sides and not serve any useful purpose in light of Defendants' lack of a history of non-compliance and the lack of any identified industry wide practice. Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335-336 (S.D.N.Y. 2012).

Lastly, the Parties agree that the agreed-to amount is a reasonable compromise of all Parties' positions and the proposed settlement regarding attorney fees is also fair and reasonable, as Plaintiff's counsel's own compensation does not adversely affect the extent of the relief obtained by Plaintiff. See Wolinsky, 900 F. Supp. 2d at 336-37; Cisek v Natl. Surface Cleaning, Inc., 954 F. Supp. 110, 111 (S.D.N.Y. 1997) (finding that the sum sought by plaintiffs' counsel was reasonable, the settlement was untainted by conflict of interest, and there was no reason to conclude that plaintiffs' counsel benefited at the expense of their clients); Chapman-Green v. Icahn House West LLC, No. 11 Civ. 1190 (MHD), 2013 U.S. Dist. LEXIS 25671, 2013 WL 658245, at *2 (S.D.N.Y. Feb. 21,2013) (amount of fees "is of little consequence' when fees are consensual")(internal citation and quotation omitted); see also Mireku v. Red Vision Sys., Inc., 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013). Indeed, Plaintiff's attorneys' fees are greatly in excess of the amount under the contingency agreement herein and Counsel's agreement to resolve Plaintiff's attorneys' fees under a contingency agreement rather than a separate fee application is made in a good faith effort to reach a resolution of the claims.

## IV.    Conclusion

As demonstrated above, the settlement is a result of negotiations and compromise by all Parties. The Parties believe the settlement is completely fair, reasonable, and adequate to the Plaintiff and respectfully request that the Court approve the attached Settlement Agreement.

Respectfully submitted,
BELL LAW GROUP, PLLC

/s/ *Matthew Madzelan*
Matthew Madzelan, Esq.