USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/30/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUAN LOPEZ MAURICIO,  :
  :
          Plaintiff,  :
  : **ORDER**
   -v-  :
  : 22-CV-2500 (JLC)
  :
TIRAMISU RESTAURANT, LLC, *et al.*,  :
  :
  :
          Defendants.  :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

      The parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) (Dkt. No. 33), and they have submitted a joint letter (Dkt. No. 30) and a fully executed settlement agreement (Dkt. No. 30-1) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). Moreover, given Defendants' apparent financial situation as a result of the COVID-19 pandemic (requiring a payment schedule of the settlement amount), as reflected in the lengthy payment plan provided for in the settlement agreement, the "potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y.

2013). *See also Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the joint letter as well as the proposed settlement agreement, and given that I participated in a lengthy settlement conference with the parties to resolve this case, the Court finds that all of the terms of the proposed settlement (including the allocation of attorney's fees as one-third of the settlement amount) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) and other applicable case law).[1] Accordingly, the proposed settlement is hereby approved.[2]

---

[1] The Court's approval of the allocation of attorney's fees should not be construed as an approval of the hourly rate of plaintiff's counsel.

[2] Notably, the non-disparagement provision (in paragraph 5 of the Agreement), is one-way. The Court strongly prefers mutual non-disparagement clauses, *see, e.g., Howard v. Don Coleman Advert. Inc.*, No. 16-CV-5060 (JLC), 2017 WL 773695, at *2 (S.D.N.Y. Feb. 28, 2017), as it advised the parties in its August 4 Order (Dkt. No. 26). However, because the provision here does not prevent plaintiff from being able to make truthful statements, the most critical element of a non-disparagement provision in a wage-and-hour settlement, it does not run afoul of the case law in this District with respect to non-disparagement clauses (many of which do approve one-way non-disparagement clauses as long as they have a carve out for truthfulness). *See, e.g., Payano v. 1652 Popham Assocs., LLC*, No. 17-CV-9983 (HBP), 2019 WL 464231, at *4 (S.D.N.Y. Feb. 6, 2019) (collecting cases).

As provided in paragraph 6 of the settlement agreement, the Court will retain jurisdiction over this case (and will reopen it, if necessary) for the sole purpose of enforcing the parties' settlement.

The Clerk is respectfully directed to close this case.

**SO ORDERED.**

Dated: September 30, 2022
    New York, New York

_____
JAMES L. COTT
United States Magistrate Judge